UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NICOLE MOLLING,

                    Plaintiff,                    **DECISION AND ORDER**

      -against-                                   23-cv-3436 (AEK)

LIEBENBRAU LLC, COCHECTON PUMP
HOUSE HOLDINGS LLC, DAVID ROBERT
LIEBER, and JIN ZHANG, *in their individual
and corporate capacities*,

                    Defendants.
------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Plaintiff Nicole Molling brings this action against Defendants Liebenbrau LLC, Cochecton Pump House Holdings LLC, David Robert Lieber, and Jin Zhang ("Defendants"), asserting claims for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on, among other things, the alleged failure to pay all earned wages, including overtime wages, as well as a claim for pregnancy-based discrimination in violation of the New York Human Rights Law.  ECF No. 10 ("First Amended Complaint" or "First Am. Compl.").  Before the Court is the parties' application for approval of a proposed settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  ECF No. 33 ("*Cheeks* Application" or "*Cheeks* App.").  For the reasons that follow, the parties' application for approval of the proposed settlement agreement is DENIED WITHOUT PREJUDICE.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 24.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks,*

*Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions and considered the totality of the circumstances, the Court cannot approve the proposed settlement agreement at this time because (i) the parties have failed to provide sufficient information with respect to the fairness and reasonableness of the settlement amount; (ii) the release provisions are not sufficiently mutual; and (iii) the proposed settlement agreement contains a problematic non-disparagement provision.

First, the proposed settlement agreement provides for a total settlement payment of $13,000.00, with $8,223.34 payable to Plaintiff and $4,776.66 payable to Plaintiff's counsel as attorneys' fees and costs. *Cheeks* App. at 2. Plaintiff alleges that she was paid for 40 hours of work per week, despite often working more than 70 hours; she alleges that she was never paid overtime compensation. *Id.* at 1-2; *see* First Am. Compl. ¶ 21. Plaintiff further alleges that she was terminated by Defendants due to pregnancy-based discrimination. *Cheeks* App. at 2; *see* First Am. Compl. ¶¶ 68-72. In the *Cheeks* Application, Plaintiff asserts that she was entitled to approximately $9,000.00 in unpaid overtime from her employment with Defendants and notes that her recovery of $8,223.34 is almost a full recovery of her unpaid overtime wages. *See Cheeks* App. at 2. The parties do not, however, provide the Court with sufficient information to assess the validity of this calculation—there are no details regarding Plaintiff's hourly wage, the number of weeks she was employed by Defendants, or the number of hours she worked each week. In addition, in the First Amended Complaint, Plaintiff sought damages for Defendants' alleged failure to pay spread-of-hours wages, as well as statutory damages for their alleged failure to provide Plaintiff with a proper wage notice and proper wage statements pursuant to the NYLL. The parties do not include these amounts in their representation regarding Plaintiff's

3

maximum possible recovery, nor do they address the potential for an award of liquidated damages if Plaintiff were to prevail at trial.  Without a better understanding of the dollar figures presented in the *Cheeks* Application, the Court cannot determine whether the settlement amount is fair and reasonable.  *See, e.g., Arango v. Scotts Co., LLC*, No. 17-cv-7174 (KMK), 2019 WL 117466, at *3 (S.D.N.Y. Jan. 7, 2019) ("Without any explanation as to how the Parties determined that $29,566.00 constitutes over 100% of Plaintiff's potential recovery, the Court cannot determine whether the settlement sum is fair and reasonable."); *Amaro v. Barbuto, LLC*, No. 16-cv-1581 (AJN), 2017 WL 476730, at *2 (S.D.N.Y. Feb. 2, 2017) (court was unable to determine whether settlement was fair and reasonable when it lacked sufficient information to assess reasonableness of estimate of plaintiff's maximum recovery).

Second, the release provisions in the proposed settlement agreement purport to be mutual, but they do not employ identical language.  Paragraph 1(a) provides that

> Plaintiff forever releases and discharges Defendants from any and all claims, demands, causes of action, fees, costs and liabilities of any kind whatsoever, whether known or unknown, that the Releasors ever had, now have, or may have against any of the Defendants relating to claims raised or claims that could have been raised in the Federal Action and arising out of Plaintiff's employment with Defendants and/or her separation therefrom up to and including the date on which Plaintiff signs this Agreement, including: (i) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage or overtime provisions of the New York Labor Law and applicable Wage Orders; (ii) violations of the wage notice and wage statement provisions of the New York Labor Law (iii) violations of the benefits or wage supplements provisions of the New York Labor Law; (iv) claims under the New York Labor Law related to Plaintiff's separation from Defendant's [*sic*] employment; (v) Title VII of the Civil Rights Act of 1964 and (vi) claims under the New York Executive Law.

ECF No. 33-2 ¶ 1(a).  In contrast, paragraph 1(d) provides that "Defendants hereby release Plaintiff from any and all claims related to the Federal Action that they may have against Plaintiff as of the date of this Agreement."  *Id.* ¶ 1(d).

4

Courts have approved broad general releases in settlement agreements resolving FLSA claims when those releases were negotiated by competent counsel for both sides and involve former employees who have no ongoing relationship with the employer—both factors that are present here—and, critically, were *mutual in all respects*.  See *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015); *Khan v. Young Adult Institute, Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016); *but see*, *e.g.*, *Bukhari v. Senior*, No. 16-cv-9249 (PAE) (BCM), 2018 WL 559153, at *1-2 (S.D.N.Y. Jan. 23, 2018) (the court would not approve a settlement agreement including a broad, mutual general release unless the parties revised the agreement to include a narrower release or provided "a concrete and persuasive explanation of the practical benefit" to the plaintiff of broadly releasing all claims against the defendants).  Indeed, this Court in particular has approved broad general releases when those releases were mutual.  *See McDermott v. ArchCare Community Servs., Inc.,* No. 22-cv-3051 (AEK), 2023 WL 8258003, at *3-5 (S.D.N.Y. Nov. 28, 2023), *subsequent determination* Dkt. No. 22-cv-3051 at ECF No. 50 (S.D.N.Y. Dec. 22, 2023); *Swain v. Jodlowski,* No. 20-cv-617 (AEK), 2021 WL 2313478, at *2 (S.D.N.Y. May 7, 2021), *subsequent determinations* 2021 WL 6101017, at *2 (S.D.N.Y. Nov. 5, 2021) and Dkt. No. 20-cv-617 at ECF No. 43 (S.D.N.Y. Nov. 12, 2021).

That said, the release language in the proposed settlement agreement is not sufficiently "mutual" for the Court to accept and approve it.  The description of the broad set of claims being released by Plaintiff—"any and all claims, demands, causes of action, fees, costs and liabilities of any kind whatsoever, whether known or unknown, that the Releasors ever had, now have, or may have against any of the Defendants relating to claims raised or claims that could have been

5

raised in the Federal Action," ECF No. 33-2 ¶ 1(a)—appears more expansive than the description of claims released by Defendants, which encompasses "any and all claims related to the Federal Action that they may have against Plaintiff as of the date of this Agreement," *id.* ¶ 1(d).  The parties may have drafted the releases this way because certain claims are more likely to be brought by employees rather than by employers, but nevertheless, the effect here is that the proposed release language appears imbalanced and does not properly reflect the mutuality that is required for Court approval of broad general releases.  The Court therefore cannot approve the proposed settlement agreement unless the release provisions in paragraphs 1(a) and 1(d) are revised accordingly.

      Third, the proposed settlement agreement contains a problematic mutual non-disparagement clause.  Paragraph 3 of the proposed settlement agreement provides that "[t]he Parties agree not to make any false statement about each other or any of the Releasees that is derogatory, disparaging or defamatory, whether by electronic or oral means, to any person (including, but not limited to, the press or other media, or on social media websites)."  *See* ECF No. 33-2 ¶ 3.  While non-disparagement clauses may be included in settlements of FLSA claims, it is well-settled that such clauses must contain a carve-out for truthful statements by Plaintiff and Defendants about their experiences litigating the case.  *See, e.g., Pena v. Top Concourse Elecs., Inc.*, No. 20-cv-1015 (JLC), 2020 WL 6590713, at *1 (S.D.N.Y. Nov. 10, 2020) (mutual non-disparagement provision must include carve-outs for truthfulness); *Ramos Pelico v. PGNV, LLC*, No. 18-cv-9761 (PAC), 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (approving mutual non-disparagement clause with carve-out that it "shall not apply to truthful statements made by any of the Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense") (quotation marks omitted); *Cortes v. New Creators, Inc.*, No. 15-

cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016).  Accordingly, the Court cannot approve the non-disparagement provision absent the inclusion of an appropriate carve-out for truthful statements.

## CONCLUSION

For the foregoing reasons, the parties' *Cheeks* Application is DENIED WITHOUT PREJUDICE.

The parties are hereby directed to submit (1) a revised application for settlement approval that provides sufficient information regarding Plaintiff's maximum potential recovery so that the Court can assess whether the settlement amount is fair and reasonable; and (2) a revised proposed settlement agreement that includes sufficiently mutual release provisions, and that includes an appropriate non-disparagement provision, or removes the non-disparagement provision entirely.  These submissions are to be filed via ECF by no later than March 25, 2024.

Dated: March 11, 2024
       White Plains, New York

                                        **SO ORDERED.**

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge